No. 10,350.

DRAKE-BALLARD CO. v. KEELER.

Decided May 7, 1923.

Action for damages. Judgment of dismissal.

*Reversed.*

1. PLEADING—*Misrepresentations—Material Fact.* In an action for damages resulting from a sale of school bonds induced by alleged fraudulent representations, an allegation in the complaint, that defendant falsely represented the population of the school district to be officially estimated at 5,000, when in fact it was not more than one thousand, held to be an allegation of mate-

rial fact, considered in connection with other allegations of the complaint.

2.      *Demurrer.*   A ground of demurrer, that there is no proper measure of damages alleged in the complaint, held not entitled to consideration on review.   To be considered, the statement should have been:   That no ground of damage was set forth.

*Error to the District Court of the City and County of Denver, Hon. Henry J. Hersey, Judge.*

Mr. WILLIAM W. GARWOOD, Mr. OMAR E. GARWOOD, Mr. GEORGE OLIVER MARRS, for plaintiff in error.

Mr. WILLIAM H. DICKSON, for defendant in error.

*Department Three.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

THE plaintiff in error was plaintiff in an action against the defendants in error to recover damages alleged to have resulted from a sale of school bonds induced by fraudulent representations.   A general demurrer to the complaint was sustained; the plaintiffs elected to stand upon their complaint, and the case was dismissed.

While there appears to have been a number of defendants in the action, but one defendant, to wit, Frank W. Keeler, is made defendant in error by the assignment of errors.

The only question of importance raised, is as to the sufficiency of an allegation of misrepresentation.   That allegation is that the defendants, by a printed circular, offered for sale an issue of school bonds, which circular contained "a material representation to the effect that the population of said Rural High School District Number 3 was officially estimated at 5,000.   By the term 'officially estimated' the said circular evidently referred to estimates furnished by the officials of the United States government, or by state, county or municipal officials."   The complaint then alleged that the plaintiff bought said bonds in re-

liance upon the statement contained in said circular that the population of the district was officially estimated at 5,000, and that the population was not in fact more than 1,000, and had never been officially estimated at 5,000, all of which was known to the defendants.

The complaint further alleges that this allegation was a material representation because bond buyers, particularly buyers of school district bonds, base the valuation of bonds largely, if not almost entirely, on the population of the school districts; that when it was ascertained that the population of the district in question was less than a thousand, plaintiff was compelled to repurchase the bonds to its damage in the sum of $3870.

The allegations of damage are further, as follows:

"Said $3870 itemized is as follows, to-wit:    $100 general damages in the nature of expenses to which plaintiff was put in making the purchase and repurchase of said bonds; $3770, the difference between the market price paid by plaintiff for said bonds and the market value of said bonds."

Plaintiff asks judgment for $3870.

Plaintiff in error contends that the court erred in holding that the representation as to population was not a material representation.    That is the only question argued. That it was a material representation is a conclusion, unless the statement be taken in connection with the facts alleged in the complaint, which are admitted by the demurrer, from which it may properly be inferred that under the custom of buying bonds, the representations as to population are material.    We are of the opinion that, thus considered, the representation was material.

Defendant in error contends that the statement in question was not a misrepresentation in law, and cites in support of its position a number of authorities to the effect that expressions of opinion, and estimates of value, although false, are not actionable.

Counsel fails, however, to note that the allegation in question is not as to an estimate of population by defend-

ants, but is that the defendants stated, in effect, that there had been an official estimate made of the population of the district, and that said population was thus estimated to be 5,000. This is a statement of fact, and the complaint alleging that there had never been an official estimate of 5,000, misrepresentation was properly charged.

The court sustained the demurrer as to paragraphs 1 and 4. Paragraph 1 challenges the sufficiency of the statements to constitute a cause of action. Paragraph 4 states that the complaint does not state a cause of action in several specified particulars, all of which referred to the materiality of the representation above discussed, except Paragraph "e", which is as follows: "That there is no proper measure of damages alleged or set forth in said second amended complaint." Had this objection been that no ground of damages was set forth, it would be entitled to consideration; but in its present form we are not called upon to consider it.

Being of the opinion that the representations relied upon as fraudulent were material, and it appearing that the demurrer was sustained upon a contrary view by the court, the judgment is reversed and the cause remanded for further proceedings in harmony with the views herein expressed.

MR. JUSTICE SHEAFOR and MR. JUSTICE CAMPBELL concur.